# County Civil

**Case Number**

| 1177115 |

**Court**

| All |

**Status**

| -All |

**File Date (From)**

| MM/DD/YYYY | 📅 |

**File Date (To)**

| MM/DD/YYYY | 📅 |

SEARCH    CLEAR

---

⦿ **Party**  ◯ **Attorney**  ◯ **Company**

**Last Name**

| |

**First Name**

| |

**Bar Card Number**

| |

**File Date (From)**

| MM/DD/YYYY | 📅 |

**File Date (To)**

| MM/DD/YYYY | 📅 |

SEARCH    CLEAR

13 Record(s) Found.

| Case | File Date | Type Desc | Subtype | Style | Status | Judge | Cou |
|------|-----------|-----------|---------|-------|--------|-------|-----|

| 1177115 | 10/29/2021 | OTHER INJURY OR DAMAGE | JOHN GARCIA,CLAUDIA TURCIOS,A. L.,N. L. VS HARRIS COUNTY,ED GONZALEZ,DEPUTY PAMELA WEBSTER,DEPUTY V ESQUEDA,LT CLOSLEY | Open | JIM KOVACH | 2 |

| Event Date | Event Desc | Comments | | Pgs |
|---|---|---|---|---|
| 12/21/2021 | Original Petition Citation Issued | M/O ATTY | Original Petition Citation | 1 |
| 12/21/2021 | Original Petition Citation Issued | M/O ATTY | Original Petition Citation | 1 |
| 12/21/2021 | Original Petition Citation Issued | M/O ATTY | Original Petition Citation | 1 |
| 12/21/2021 | Original Petition Citation Issued | M/O ATTY | Original Petition Citation | 1 |
| 12/21/2021 | Original Petition Citation Issued | M/O ATTY | Original Petition Citation | 1 |
| 12/16/2021 | Order of Transfer (accepted by Judge) | | Order of Transfer (Recusal) | 1 |
| | | | Order of Transfer (accepted by Judge) | 2 |
| 11/04/2021 | Citation to Be Issued | | POS-Deputy Pamela Webster (1).pdf | 1 |
| 11/04/2021 | Citation to Be Issued | | POS-Lt Closley (1).pdf | 1 |
| 11/04/2021 | Citation to Be Issued | | POS-Harris County (1).pdf | 1 |
| 11/04/2021 | Citation to Be Issued | | POS-Ed Gonzalez (1).pdf | 1 |
| 11/04/2021 | Citation to Be Issued | | POS-Deputy V Esqueda (1).pdf | 1 |
| 10/29/2021 | eFile Original Petition | Petition | JOHN GARCIA-Petition (2).pdf | 11 |

10/29/2021   Original Petition (OCA)

**Harris County - County Civil Court at Law No. 4**

Case No. _____

| | | |
|---|---|---|
| JOHN GARCIA, PLAINTIFFS. | § | IN THE CIVIL COUNTY |
| | § | |
| | § | |
| V. | § | |
| | § | |
| HARRIS COUNTY, V. ESQUEDA, PAMELA WEBSTER, LT CLOSLEY DEFENDANTS. | § | COURT AT LAW_____ |
| | § | |
| | § | |
| | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

Plaintiffs, John Garcia, ("Plaintiffs" or "Mr. Garcia"), file this Original Petition against Defendants, Harris County ("Harris"), Sheriff Ed Gonzalez ("Gonzalez"), Deputy V Esqueda Badge #42E14, Deputy P Webster #42E19, and in support thereof show as follows:

### I. DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under a Level 2 discovery plan.

### II. PARTIES

2.      Plaintiff, John Garcia, Plaintiff, is an individual residing in Harris County, Texas.

3.      Plaintiff Claudia Turcios is an individual residing in Harris County, Texas individually

and as next friend for minors A.L. and N.L.

4.      Defendant, Harris County, is a municipal corporation located in the State of Texas and incorporated under the laws of the State of Texas and is located within the boundaries of the Southern District of Texas.  It may be served with citation through the County Judge Lina Hidalgo she may be served at 1001 Preston St., Suite 911, Houston, Texas 77002, or wherever she may be found., or wherever it may be found.

5.      Defendant, Ed Gonzalez, is an individual who may be served with a citation at 1200 Baker St., Houston, Texas 77002 in Harris County, or wherever he may be found. Ed Gonzalez is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

6.      Defendant Deputy Pamela Webster is an individual who may be served with a citation at 1200 Baker St., Houston, Texas 77002 or wherever she may be found. Webster is being sued in her individual capacity and at all times relevant to this case acted under the color of law.

7.      Defendant, Deputy V Esqueda is an individual who may be served with a citation at her place of employment located at 1200 Baker St., Houston, Texas 77002, or wherever she may be found. Esqueda is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

8.      Defendant, Lt Closley is an individual who may be served with a citation at  1200 Baker St., Houston, Texas 77002 or wherever he may be found. Closely is being sued in his

individual capacity and at all times relevant to this case acted under the color of law.

## III. JURISDICTION AND VENUE

9.      Jurisdiction is proper in this Court because the damages sought by Plaintiffs exceed this Court's minimal jurisdictional limits, and the parties to this lawsuit are all subject to jurisdiction in the State of Texas. *See* Tex. R. Civ. P. 47(b). This Court has jurisdiction over Defendants, because they are citizens of the State of Texas, and they engaged in the concerted wrongful activity, which is the subject of this lawsuit. Further, Harris County does business in the State of Texas and is therefore subject to the jurisdiction of the State of Texas.

10.     Each Plaintiff seeks monetary relief not more than $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, plus all other relief to which Plaintiffs deem themself entitled.*See* Tex. R. Civ. P. 47(c), (d).

11.     The venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## IV. FACTUAL BACKGROUND

***Esqueda's Excessive Use of Force and Illegal Detention, and Violation of Due Process***

12.     This suit arises from the excessive use of force and wrongful detention of John Garcia, and A.L. by Officer Esqueda.

13.     On November 8, 2019, Esqueda and Webster arrived at White Berry Court in

Humble TX.

14.     Esqueda terrorized Claudia Turcios, and N.L. and threatened them with extreme violence. She ultimately used excessive force and unlawfully detained John Garcia and A. L.

15.     Lt. Closely was made aware of the incident but failed to disciple Esqueda or Webster for her failure to disciple.

16.     Esqueda warned Garcia to never call the police again or we will take your family, in violation of due process.

***Due To The Harris County's Failure To Train, Failure To Discipline, And Failure To Supervise, Esqueda And Webster, John Garcia, And His Family's Constitutional Rights To Be Free From Illegal Search And Seizure And Excessive Force.***

17.     As a result of the actions of Ed Gonzalez, and Lt. Closley his failures to train, supervise, discipline, and implement policies to prevent foreseeable constitutional violations by Webster, and Esqueda, the Garcia Family were attacked, and detained.

18.     They suffered both physical and mental injuries.

## V. CAUSES OF ACTION

***Fourteenth Amendment Due Process and Fourth Amendment Excessive Force, and Illegal Seizure.***

19.     Plaintiffs incorporate by reference all paragraphs contained herein.

20.     Webster, and Esqueda, deprived John Garcia and his minor son, of their Fourth Amendment right to be free from the use of excessive force.  Webster, and Esqueda,

4

deprived John Garcia and his minor son's right to be free from the use of excessive force when Esqueda grabbed the non-threatening Garcia and his minor son and placed them in handcuffs.

21.     Webster failed to intervene to stop Esqueda from violating Mr. Garcia and his family's Fourth and Fourteenth Amendment right to be free from the use of excessive force and due process.

22.     Harris County and its policymaker the Chief of Police Ed Gonzalez acted to violate John Garcia and his family's right to be free from excessive force. Harris County promoted, adopted, and promulgated a policy or custom of allowing its arresting deputies to utilize excessive force when arresting citizens and not interfering to prevent others from engaging in the use of excessive force, and based on the inadequate training and supervision of his officers by Ed Gonzalez and Lt. Closely. Harris County and its officials did deliberately or recklessly violate Plaintiff's civil rights under the color of law through the use of excessive force and unlawful detention against John Garcia, his minor son, and family, when Esqueda violently harassed them threatening to take their family and detaining John Garcia and his minor son, while Webster did nothing.

23.     Ed Gonzalez as the Sheriff of Harris County was the official policy-maker of the County for Law enforcement purposes He was sufficiently aware that his office's supervision, and training policies, were defective, incomplete, or routinely ignored by its

officers and other security officers to the extent that they facilitated or permitted the use of excessive force against other civilians in Baytown.

24.     Ed Gonzalez's inactions promoted excessive force against John Garcia and his minor son and evidenced a  deliberate indifferent practice and custom of excessive force within the Harris County's sheriff's department.

25.     Ed Gonzalez is liable because he had a policy, procedure, or custom of ignoring open and obvious constitutional violations, namely the excessive force and unlawful detention.

26.     The Garcia family had a right to due process of the law. That right was violated by Esqueda and Webster when they sought to arrest them without reason.

27.     The plaintiffs had not committed a crime when Esqueda and Webster sought to arrest them. Therefore, this unlawful detention was a gross violation of the Plaintiffs' right not to have their liberty deprived without due process.

28.      Due to Harris County's customs, policies, and practices, Defendants proximately caused plaintiffs' injuries.

29.     Defendants' misconduct described herein was objectively unreasonable and undertaken with willfulness and reckless indifference to his rights.

30.     In addition, the misconduct and excessive force described herein "shocks the conscience" because citizens not accused or suspected of crimes should not be deprived of their liberty and should be free of abuse by the hands of Baytown police officers.

*Monell Liabilities*

31.  Plaintiffs incorporate by reference all paragraphs contained herein.

32.  Harris County's customs, policies, and practices encourage constitutional violations by its officers. The deliberately indifferent defacto policies and practices implemented were the moving force behind the unlawful arrest and excessive force the Plaintiffs suffered. Harris County's failure to train and deficient training, supervision, control, and discipline of its officers resulted in constitutional violations of the Plaintiffs. Thereby leading the Baytown police officers to believe their actions will never be meaningfully scrutinized.

33.  Although the plaintiffs need not name the actual policymaker at the pleading stage, they believe that Ed Gonzalez is the policymaker of Harris County for law enforcement purposes. He issues orders and has full policymaking authority through the city council. Through discovery, plaintiffs will identify with certainty the applicable policymaker. Harris County's action, inaction, policies, practices, and customs related to the conduct by its officers directed to Plaintiffs were moving forces behind the violations of their constitutional rights and damages suffered.

34.  There were various instances of excessive force and wrongful arrest previously and after Plaintiff's cause of action, causing injuries or death. As such, Baytown and Ed Gonzalez ratified actions as their own and implemented policies, practices, customs, and procedures with deliberate indifference to the constitutional rights of citizens and others within Baytown, Texas.

*Unlawful Wrongful Arrest and Malicious Prosecution   Illegal Seizure under 4th Amendment*

35.     Plaintiffs incorporate by reference all paragraphs contained herein.

36.     As described in the preceding paragraphs Esqueda and Webster fabricated evidence by providing false affidavits to support criminal charges and the prosecution of the Plaintiffs. Additionally, Esqueda and Webster provided perjured evidence to the District Attorney that John Garcia and his family were interfering with public duties because they were inquiring about their friend was being arrested, engaging in speech only. Esqueda and Webster did so with malicious intent seething anger directed toward Plaintiffs with a knee to the face and violent shove into a car and pinned down.

37.     Esqueda and Webster initiated criminal charges without probable cause that resulted in the violation of John Garcia and his family's rights pursuant to the Fourth Amendment and Fourteenth Amendment, specifically those related to improper and malicious prosecution, wrongful initiation of legal process (criminal prosecution), fabrication of evidence to support the illegal arrest, and the right to due process.

*Failure to train or supervise*

38.     Plaintiffs incorporate by reference all paragraphs contained herein.

39.     At all times relevant hereto, all of the Plaintiff's inalienable and fundamental liberty interests were protected by the Constitution.

40.     Ed Gonzalez violated John Garcia and his family's constitutional rights by failing to discipline, train or supervise Esqueda and Webster. Instead, he upheld their actions with deliberate indifference after his officers violated the constitutional rights of others, leading up to the violation of the constitutional rights of John Garcia and his family.

41.     Esqueda detained a non-combative Garcia and his minor son.

42.     Ed Gonzalez failed to train or supervise Esqueda and Webster in the use and application of force, along with de-escalation techniques.

43.     Additional training or supervision, or discipline by Harris County and Ed Gonzalez would have prevented John Garcia and his family's constitutional rights from being violated, damages and injuries.

## VI. DAMAGES

44.     Plaintiffs seek all damages allowed by law due to the aforementioned, forming the basis for each of his causes of action. Plaintiffs request damages within the jurisdictional limits of the Court, including:

a. Physical pain and mental anguish;

b. Loss of earning capacity and lost wages;

c. Physical impairment;

d. Out-of-pocket economic losses.

e. other expenses related to arrest and prosecution of Isaiah Phillips and John Garcia; and

f. exemplary/punitive damages.

g. Plaintiff's reasonable and necessary attorneys' fees;

h. Costs of court;

i. Pre-judgment and post-judgment interest at the highest rates allowable by law;

j. relief against Defendants barring the use of strikes to the head altogether and barring the use of body slams and taser guns in non-threatening situations; and

k. For such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves entitled.

45.     The damages sustained by Plaintiffs were proximately caused by Defendants as set forth herein.

46.     Plaintiffs respectfully request that the Court and jury determine the amount of the loss Plaintiffs have incurred in the past and will incur in the future.

47.     Certain elements of damages provided by law that the Plaintiffs are entitled to have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate the Plaintiff.

## VII. ATTORNEYS FEES

48.     After prevailing herein, Plaintiffs are entitled to recover reasonable and necessary attorneys' fees and costs to enforce their constitutional rights under 42 U.S.C. §§ 1983 and 1988 from Defendants.

## VIII. REQUEST FOR DISCLOSURE

49.     Under Texas Rule of Civil Procedure 194.2, Plaintiffs request that Defendants disclose the information or material described in all Texas Rule of Civil Procedure 194.2 (a)-(1).

## IX. JURY DEMAND

50.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request and demand a trial by jury.

## X. PRAYER

51.     Plaintiffs pray that a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court, and all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,
By: /s/ U.A. Lewis
U.A. Lewis
The Lewis Law Group
SBN: 24076511
FBN: 1645666
P.O. Box 27353, Houston, TX 77227
Phone: (713) 570-6555 Fax: (713) 581-1017
myattorneyatlaw@gmail.com
Attorney for Plaintiffs

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 58680620
Status as of 10/29/2021 3:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 10/29/2021 2:37:20 PM | SENT |
| U.A. Lewis | | office@thelewislaw.com | 10/29/2021 2:37:20 PM | SENT |

11/4/2021 10:56 AM
Teneshia Hudspeth
County Clerk
Harris County

# OFFICE OF TENESHIA HUDSPETH
### COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

Docket No. __1177115__

JOHN GARCIA, ET AL.,
_____
Plaintiff

vs.

DEPUTY V ESQUEDA
_____
Defendant

County Civil Court

At Law No. __4__

☐ Alias Citation      ☐ Amended Citation      _____

*(Address for service):* _____

1200 Baker St., Houston, Texas 77002
_____

☐ Rule 106 Citation      _____

☐ Abstract of Judgment      _____

☐ Writ of Execution      _____

☐ Writ of Execution *and* Order of Sale      _____

☐ Writ of Possession      _____

☐ Certificate of Dormant Judgment      _____

☐ Certificate of Transfer      _____

☐ Certificate of No Appeal      _____

☐ Bill of Costs      _____

☐ Jury Fee      _____

☐ Deposit into Registry of Court      _____

■ Other Services   ORIGINAL CITATION _____   1

## REQUEST MADE BY

(Name) __U.A. LEWIS, 24076511__

(Address) __99 DETERING SUITE 104, HOUSTON, TX 77007__

                     *(Zip Code)*

(Phone Number) __713-570-6555__

Request is to be:
■ Mailed
☐ Picked up by: _____

_____

Form No. H-01-63 (Rev. 11/17/2020)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 58851843
Status as of 11/4/2021 12:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 11/4/2021 10:56:25 AM | SENT |
| U.A. Lewis | | office@thelewislaw.com | 11/4/2021 10:56:25 AM | SENT |

1177115

Harris County - County Civil Court at Law No. 4

Case 4:22-cv-00198   Document 1-5   Filed on 01/20/22 in TXSD   Page 18 of 33

11/4/2021 10:56 AM
Teneshia Hudspeth
County Clerk
Harris County

# OFFICE OF TENESHIA HUDSPETH

## COUNTY CLERK, HARRIS COUNTY, TEXAS
## COUNTY CIVIL COURTS DEPARTMENT

Docket No. 1177115

JOHN GARCIA, ET AL.,

Plaintiff

vs.

ED GONZALEZ

Defendant

County Civil Court

At Law No. 4

☐ Alias Citation          ☐ Amended Citation          _____

*(Address for service):* _____

1200 Baker St., Houston, Texas 77002

☐ Rule 106 Citation                                      _____

☐ Abstract of Judgment                                   _____

☐ Writ of Execution                                      _____

☐ Writ of Execution *and* Order of Sale                  _____

☐ Writ of Possession                                     _____

☐ Certificate of Dormant Judgment                        _____

☐ Certificate of Transfer                                _____

☐ Certificate of No Appeal                               _____

☐ Bill of Costs                                          _____

☐ Jury Fee                                               _____

☐ Deposit into Registry of Court                         _____

■ Other Services    ORIGINAL CITATION                    1

**REQUEST MADE BY**

(Name)   U.A. LEWIS, 24076511

(Address)   99 DETERING SUITE 104, HOUSTON, TX 77007

(Phone Number)   713-570-6555                      (Zip Code)

Request is to be:
■ Mailed
☐ Picked up by: _____

_____

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 58851843
Status as of 11/4/2021 12:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 11/4/2021 10:56:25 AM | SENT |
| U.A. Lewis | | office@thelewislaw.com | 11/4/2021 10:56:25 AM | SENT |

# OFFICE OF TENESHIA HUDSPETH

## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

Docket No. 1177115

JOHN GARCIA, ET AL.,
_____

Plaintiff

vs.

HARRIS COUNTY,
_____

Defendant

County Civil Court

At Law No. 4

☐ Alias Citation          ☐ Amended Citation          _____

(Address for service): c/o COUNTY JUDGE LINA HIDALGO

1001 Preston St., Suite 911, Houston, Texas 77002
_____

☐ Rule 106 Citation                                        _____

☐ Abstract of Judgment                                     _____

☐ Writ of Execution                                        _____

☐ Writ of Execution _and_ Order of Sale                    _____

☐ Writ of Possession                                       _____

☐ Certificate of Dormant Judgment                          _____

☐ Certificate of Transfer                                  _____

☐ Certificate of No Appeal                                 _____

☐ Bill of Costs                                            _____

☐ Jury Fee                                                 _____

☐ Deposit into Registry of Court                           _____

■ Other Services   ORIGINAL CITATION                       1
_____

## REQUEST MADE BY

(Name) U.A. LEWIS, 24076511
_____

(Address) 99 DETERING SUITE 104, HOUSTON, TX 77007
_____

(Phone Number) 713-570-6555                    (Zip Code)
_____

Request is to be:
■ Mailed
☐ Picked up by: _____

P.O. Box 1525 ● Houston, TX  77251-1525 ● 713-274-1374
www.cclerk.hctx.net

Form No. H-01-63 (Rev. 11/17/2020)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 58851843
Status as of 11/4/2021 12:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 11/4/2021 10:56:25 AM | SENT |
| U.A. Lewis | | office@thelewislaw.com | 11/4/2021 10:56:25 AM | SENT |

1177115        Harris County - County Civil Court at Law No. 4

11/4/2021 10:56 AM
Teneshia Hudspeth
County Clerk
Harris County

# OFFICE OF TENESHIA HUDSPETH
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

Docket No. 1177115

JOHN GARCIA, ET AL.,

Plaintiff

County Civil Court

vs.

At Law No. 4

LT. CLOSLEY

Defendant

☐ Alias  Citation            ☐ Amended Citation            _____

*(Address for service):* _____

1200 Baker St., Houston, Texas 77002

☐ Rule 106 Citation                                  _____

☐ Abstract of Judgment                               _____

☐ Writ of Execution                                  _____

☐ Writ of Execution *and* Order of Sale              _____

☐ Writ of Possession                                 _____

☐ Certificate of Dormant Judgment                   _____

☐ Certificate of Transfer                            _____

☐ Certificate of No Appeal                           _____

☐ Bill of Costs                                      _____

☐ Jury Fee                                           _____

☐ Deposit into Registry of Court                     _____

■ Other Services    ORIGINAL CITATION                1

**REQUEST MADE BY**

(Name) U.A. LEWIS, 24076511

(Address) 99 DETERING SUITE 104, HOUSTON, TX 77007

(Phone Number) 713-570-6555                    (Zip Code)

Request is to be:
■ Mailed
☐ Picked up by: _____

_____

Form No. H-01-63 (Rev. 11/17/2020)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 58851843
Status as of 11/4/2021 12:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 11/4/2021 10:56:25 AM | SENT |
| U.A. Lewis | | office@thelewislaw.com | 11/4/2021 10:56:25 AM | SENT |

11/4/2021 10:56 AM
Teneshia Hudspeth
County Clerk
Harris County

# OFFICE OF TENESHIA HUDSPETH
## COUNTY CLERK, HARRIS COUNTY, TEXAS
## COUNTY CIVIL COURTS DEPARTMENT

Docket No. <u>1177115</u>

JOHN GARCIA, ET AL.,
_____
Plaintiff

       vs.

DEPUTY PAMELA WEBSTER
_____
Defendant

County Civil Court

At Law No. <u>4</u>

☐ Alias Citation        ☐ Amended Citation        _____

_(Address for service):_ _____

**1200 Baker St., Houston, Texas 77002**

☐ Rule 106 Citation        _____

☐ Abstract of Judgment        _____

☐ Writ of Execution        _____

☐ Writ of Execution _and_ Order of Sale        _____

☐ Writ of Possession        _____

☐ Certificate of Dormant Judgment        _____

☐ Certificate of Transfer        _____

☐ Certificate of No Appeal        _____

☐ Bill of Costs        _____

☐ Jury Fee        _____

☐ Deposit into Registry of Court        _____

■ Other Services   **ORIGINAL CITATION**        **1**

**REQUEST MADE BY**

(Name) **U.A. LEWIS, 24076511**

(Address) **99 DETERING SUITE 104, HOUSTON, TX 77007**

                                                     (Zip Code)

(Phone Number) **713-570-6555**

Request is to be:
■ Mailed
☐ Picked up by: _____

_____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 58851843
Status as of 11/4/2021 12:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 11/4/2021 10:56:25 AM | SENT |
| U.A. Lewis | | office@thelewislaw.com | 11/4/2021 10:56:25 AM | SENT |





TENESHIA HUDSPETH
COUNTY CLERK
POST OFFICE BOX 1525
HOUSTON, TEXAS 77251-1525

U.A. Lewis
The Lewis Law Group
PO BOX 27353
Houston, TX 77227

CAUSE NUMBER 1177115

| | |
|---|---|
| <u>John Garcia</u> | In The County Civil Court at Law No. 4 |
| Plaintiff | |
| **VS.** | |
| <u>Harris County</u> | |
| Defendant | Harris County, Texas |

### ORDER OF TRANSFER

On <u>12/14/2021</u> upon the Court's consideration the Judge has and it is hereby

**ORDERED,**

☒ 1. Voluntarily recuses him/ herself.

☐ 2. Refused to recuse him/ herself.

☐ 3. Is automatically recused.

                            **12/14/2021**

_____

JUDGE, County Civil Court at Law No. 4

Upon the assignment of the Division Presiding Judge, the above referenced, styled and numbered

Cause is transferred to the County Civil Court of Law No. *2* , Harris County, Texas.

Signed this *12/16/2021* day of _____, 2021.

_____

DIVISION PRESIDING JUDGE

U.A. Lewis
The Lewis Law Group
PO BOX 27353
Houston, TX 77227

FILED
12/17/2021 8:53:43 AM
Teneshia Hudspeth
County Clerk
Harris County, Texas
krojas



# OFFICE OF TENESHIA HUDSPETH
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1177115**
**Receipt Number:      Date:   Sheriff/Constable Fee: $**

JOHN GARCIA
**Plaintiff**                                          In The County Civil Court at Law No. 2
**VS.**                                                201 Caroline #517
HARRIS COUNTY, ET AL                                   Houston, Tx 77002
**Defendant**

### THE STATE OF TEXAS
### PLAINTIFF'S ORIGINAL PETITION CITATION

___

To:    DEPUTY PAMELA WEBSTER
       1200 BAKER ST.
       HOUSTON, TEXAS 77002

Attached is a copy of petition.
This instrument was filed on the **29th day of October, 2021,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 21st day of December, 2021

(Seal)                                     Teneshia Hudspeth, County Clerk
                                           County Civil Court at Law No. 2
                                           201 Caroline, Suite 300
                                           Harris County, Texas 77002

                                           _____
                                           Matthew Simmons
                                           Deputy County Clerk

Requested     U A LEWIS
By:           THE  LEWIS LAW GROUP
              PO BOX 27353
              HOUSTON TX  77227



# OFFICE OF TENESHIA HUDSPETH
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1177115**
**Receipt Number:    Date:   Sheriff/Constable Fee: $**

JOHN GARCIA
**Plaintiff**                                    In The County Civil Court at Law No. 2
**VS.**                                          201 Caroline #517
HARRIS COUNTY, ET AL                             Houston, Tx 77002
**Defendant**

### THE STATE OF TEXAS
### PLAINTIFF'S ORIGINAL  PETITION  CITATION

---

To:     DEPUTY V ESQUEDA
        1200 BAKER ST.
        HOUSTON, TEXAS 77002

Attached is a copy of petition.
This instrument was filed on the **29th day of October, 2021,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 21st day of December, 2021

(Seal)                                  Teneshia Hudspeth, County Clerk
                                        County Civil Court at Law No. 2
                                        201 Caroline, Suite 300
                                        Harris County, Texas 77002

                                        _____
                                        Matthew Simmons
                                        Deputy County Clerk

Requested       U A LEWIS
By:             THE  LEWIS LAW GROUP
                PO BOX 27353
                HOUSTON TX  77227



# OFFICE OF TENESHIA HUDSPETH
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1177115**
**Receipt Number:     Date:   Sheriff/Constable Fee: $**

JOHN GARCIA
**Plaintiff**                                          In The County Civil Court at Law No. 2
**VS.**                                                201 Caroline #517
HARRIS COUNTY, ET AL                                   Houston, Tx 77002
**Defendant**

### THE STATE OF TEXAS
### PLAINTIFF'S ORIGINAL  PETITION  CITATION

---

To:    ED GONZALEZ
       1200 BAKER ST.
       HOUSTON, TX  77002

Attached is a copy of petition.
This instrument was filed on the **29th day of October, 2021,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 21st day of December, 2021

(Seal)                                                 Teneshia Hudspeth, County Clerk
                                                       County Civil Court at Law No. 2
                                                       201 Caroline, Suite 300
                                                       Harris County, Texas 77002

                                                       _____
                                                       Matthew Simmons
                                                       Deputy County Clerk

Requested       U A LEWIS
By:             THE  LEWIS LAW GROUP
                PO BOX 27353
                HOUSTON TX  77227

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 274-1374



# OFFICE OF TENESHIA HUDSPETH
### COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1177115**
**Receipt Number:      Date:   Sheriff/Constable Fee: $**

JOHN GARCIA
**Plaintiff**                                                    In The County Civil Court at Law No. 2
**VS.**                                                          201 Caroline #517
HARRIS COUNTY, ET AL                                             Houston, Tx 77002
**Defendant**

### THE STATE OF TEXAS
### PLAINTIFF'S ORIGINAL  PETITION  CITATION

To:     HARRIS COUNTY
        C/O LINA HIDALGO
        1001 PRESTON ST., SUITE 911
        HOUSTON, TEXAS 77002

Attached is a copy of petition.
This instrument was filed on the **29th day of October, 2021,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 21st day of December, 2021

(Seal)                                          Teneshia Hudspeth, County Clerk
                                                County Civil Court at Law No. 2
                                                201 Caroline, Suite 300
                                                Harris County, Texas 77002


                                                _____
                                                Matthew Simmons
                                                Deputy County Clerk

Requested          U A LEWIS
By:                THE  LEWIS LAW GROUP
                   PO BOX 27353
                   HOUSTON TX  77227



# OFFICE OF TENESHIA HUDSPETH
### COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1177115**
**Receipt Number:     Date:   Sheriff/Constable Fee: $**

JOHN GARCIA
**Plaintiff**
**VS.**
HARRIS COUNTY, ET AL
**Defendant**

In The County Civil Court at Law No. 2
201 Caroline #517
Houston, Tx 77002

### THE STATE OF TEXAS
### PLAINTIFF'S ORIGINAL  PETITION  CITATION

To:     LT CLOSLEY
        1200 BAKER ST.
        HOUSTON, TEXAS 77002

Attached is a copy of petition.
This instrument was filed on the **29th day of October, 2021,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 21st day of December, 2021

(Seal)

Teneshia Hudspeth, County Clerk
County Civil Court at Law No. 2
201 Caroline, Suite 300
Harris County, Texas 77002

_____

Matthew Simmons
Deputy County Clerk

Requested
By:

U A LEWIS
THE  LEWIS LAW GROUP
PO BOX 27353
HOUSTON TX  77227