United States District Court
Southern District of Texas
**ENTERED**
June 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| John Garcia et al., § | |
|    Plaintiffs, § | |
| § | |
| v. § | Civil Action H-22-198 |
| § | |
| Harris County et al., § | |
|    Defendants. § | |

# Report and Recommendation

Pending before the court is Defendant Harris County's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. The court recommends that Harris County's motion to dismiss be granted.

## 1. *Procedural Posture and Background*

Plaintiffs John Garcia and Claudia Turcios, as next friend to minors A.L. and N.L., brought this civil rights action under 42 U.S.C. §§ 1983 and 1988 in Texas state court in Harris County on October 29, 2021. ECF No. 1-5 at 4. On January 20, 2022, Harris County properly removed the case to this court. ECF No. 1 at 1–2. On January 25, 2022, Harris County filed a motion to dismiss. ECF No. 4. Plaintiffs did not respond but amended the complaint on February 25, 2022. ECF No. 8. Harris County now moves the court to dismiss Plaintiffs' amended complaint. ECF No. 10. Plaintiffs responded, ECF No. 19, and Harris County replied, ECF No. 20.

This suit arises out of an incident in Humble[1] on November 8, 2019. ECF No. 8 at 3. Plaintiffs allege that Defendant Harris County

---

[1] The court notes that the First Amended Complaint also refers to Baytown and the Baytown Police Department. ECF No. 8 at 6-7. Because the defendants here are Harris County and employees of the Harris County Sheriff's Department, the court assumes references to Baytown to be typographical errors.

Sheriff's Deputy Esqueda used excessive force while wrongfully detaining Garcia and A.L. *Id.* Plaintiffs allege that Esqueda used excessive force by grabbing Garcia and A.L. and placing them in handcuffs. *Id.* at 5. Plaintiffs allege that Esqueda threatened Plaintiffs Turcios and N.L. with violence during the same incident. *Id.* at 4. Plaintiffs allege that Esqueda also told them to never call the police or "we will take your family." *Id.* Plaintiffs also allege that Defendant Harris County Sheriff's Deputy Webster was present during the incident but failed to intervene in Esqueda's actions. *Id.* at 5. Plaintiffs allege that Defendant Lieutenant Closely failed to train, supervise, discipline, and implement policies that would prevent constitutional violations. *Id.* at 4

Plaintiffs allege that Harris County, through Sheriff Ed Gonzalez, promoted, adopted, and promulgated a policy under which its Sheriff's deputies would use excessive force. ECF No. 8 at 5. Plaintiffs allege that Harris County provided inadequate training and supervision. *Id.* at 7. Plaintiffs allege that Sheriff Gonzalez was aware of the defective and incomplete supervision and policies regarding the use of excessive force. *Id.* Plaintiffs allege that Sherriff Gonzalez's failure to correct the improper policies promoted the use of excessive force. *Id.* at 6. Plaintiffs allege that Sheriff Gonzalez was deliberately indifferent to the excessive force being used and that it was a custom for the Sheriff's deputies to use such force. *Id.* at 6.

Harris County moves to dismiss all of Plaintiffs' claims against it.

2. *Analysis*

   A. *Motion To Dismiss*

   Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," and "drawing all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007).

   A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff must also plead

2

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations "disentitle[] them to the presumption of truth." *Id.* at 681.

The "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* It follows that the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

### B. Monell Claims under Section 1983
#### i. Claims based on an official Harris County policy

A municipality can be held liable under Section 1983 only if the actions taken pursuant to an official policy caused a constitutional tort. *Clark v. Thompson*, 850 F. App'x 203, 207 (5th Cir. 2021) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Plaintiffs must allege facts "show[ing] that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017)). An official policy "includes the decisions of a government's [lawmakers], the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot

3

be conclusory; it must contain specific facts.'" *Peña*, 879 F.3d at 622 (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

Plaintiffs allegations are entirely conclusory. For example, in an attempt to identify the policy in question, the First Amended Complaint states "Harris County promoted, adopted, and promulgated a policy or custom of allowing its arresting deputies to utilize excessive force when arresting citizens and not interfering to prevent others from engaging in the use of excessive force[.]" ECF No. 8 at 5. It further states "Ed Gonzalez is liable because he had a policy, procedure, or custom of ignoring open and obvious constitutional violations, namely excessive force and unlawful detention." *Id.* at 6. To demonstrate that the policy was the moving force behind the constitutional violation, the First Amended Complaint states, for example "[t]he deliberately indifferent defacto [sic] policies and practices implemented were the moving force behind the unlawful arrest and excessive force the Plaintiffs suffered." *Id.* at 7.

Plaintiffs do not identify any policy, do not state the policy's contents, how and when it was communicated, or whether and where it is documented. They do not provide any information about how the policy might cause the Sheriff's deputies to engage in unconstitutional conduct.

The same is true of Plaintiffs' attempt to show that Harris County had a custom or practice of committing or ignoring constitutional violations. The First Amended Complaint repeatedly uses the words "custom" and "practice," ECF No. 8 at 5-7, but does not provide any facts in support. Although Plaintiffs allege that there are other instances of similar conduct, *id.* at 7, they do not identify those instances, who was involved, or what the facts of the other instances were.

The vague and conclusory allegations found in the First Amended Complaint are insufficient to support claims for *Monell* liability against the county.

4

### ii. Failure to Train or Supervise

To establish *Monell* liability based on a municipality's failure to train or supervise, "a plaintiff must 'prove that (1) the [municipality] failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights.'" *Hutcheson v. Dallas Cnty, Texas,* 994 F.3d 447, 482 (5th Cir. 2021) (quoting *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002). Deliberate indifference claims "must allege a 'pattern of similar constitutional violations by untrained employees.'" *Id.* (citing *Connick v. Thompson,* 563 U.S. 51, 62 (2011)). There is an "extremely narrow" exception for a single incident where the specific injury suffered was a "highly predictable consequence" of a failure to train. *Id.* (quoting *Valle v. City of Houston,* 613 F.3d 536, 549 (5th Cir. 2010). The single incident exception also requires that no training was provided to the subordinate. *Id.* (citing *Pena,* 879 F.3d at 624).

"Municipalities are not liable 'on the theory of respondeat superior' and are 'almost never liable for an isolated unconstitutional act on the part of an employee.'" *Id.* (citing *Peterson v. City of Fort Worth,* 588 F.3d 838, 847 (5th Cir. 2009)). Failure to train cannot be alleged by the simple assertion that the occurrence of the incident proves the need for additional or different training. *Id.* at 483.

Plaintiffs repeat the allegation that Harris County failed to train its Sheriff's deputies throughout the complaint, ECF No. 8 at 5, 7, 9, but they provide no actual facts. Plaintiffs do not provide any information about the training that Harris County did or did not provide. Plaintiffs do not provide any facts from which the court can draw a causal connection between any failure to train and the alleged constitutional violations. Plaintiffs' assertion that there were "various instances" of excessive force is conclusory and without factual support. Absent such a pattern, the claim fails on the deliberate indifference prong. *Pena,* 879 F.3d at 623. Plaintiffs do not allege the single incident exception applies in this case.

Plaintiffs' claims against Harris County under a failure to train or failure to supervise theory should be dismissed.

### iii. Ratification

A municipality may be held liable under *Monell* under the theory of "ratification," if an authorized policymaker approves a subordinate's actions and the improper basis for it. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). "The precise standard by which to plead a ratification theory is somewhat unclear" in this circuit. *Taylor v. Hartley*, 488 F. Supp. 3d 517, 537 (S.D. Tex. 2020). Certainly, ratification may form the basis for *Monell* liability if there is knowing approval by a policymaker of both the conduct and its underlying, improper basis. *Id.* A plaintiff may be able to support a *Monell* claim by showing that an official policymaker came to the defense of a subordinate's manifestly indefensible conduct. *Id.* Finally, some precedent suggests that ratification is limited to extreme factual situations. *Id.*

The First Amended Complaint does not provide any facts to support ratification. Plaintiff's conclusory allegation that Sheriff Gonzalez "ratified" the actions of Esqueda and Webster, ECF No. 8 at 9, does not provide the court with facts showing that Sheriff Gonzalez approved the unconstitutional conduct alleged elsewhere in the complaint. There is no information about whether or when Sheriff Gonzalez learned about the conduct of the deputies. Sheriff Gonzalez's later inaction or failure to discipline the deputies cannot support a *Monell* claim based on ratification. *Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2001) (stating "it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation could have *caused* the deprivation.") The Plaintiffs have not alleged any facts to show that Sheriff Gonzalez made any statement approving of or in defense of Esqueda or Webster. To the extent that ratification might be limited to extreme factual circumstances, Plaintiffs do not explain how this situation is extreme.

*3. Conclusion*

Because the Plaintiffs did not plead facts sufficient to support liability under Section 1983 against Harris County, the court recommends that Harris County's motion to dismiss be granted.

Plaintiffs' alternative motion for leave to amend, ECF No. 19 at 13, is denied. Plaintiffs have already amended their complaint once in response to a motion to dismiss by Harris County, which raised essentially the same arguments. In requesting leave to amend, Plaintiffs do not state what facts they would provide to address the deficiencies in their First Amended Complaint. Thus, Plaintiffs are "unwilling or unable to amend in a manner that will avoid dismissal." *See Great Plains Tr. Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 2, 2022.

Peter Bray
United States Magistrate Judge