United States District Court
Southern District of Texas

**ENTERED**

July 21, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| John Garcia et al., | § | |
|   Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action H-22-198 |
| | § | |
| Harris County et al., | § | |
|   Defendants. | § | |

# Report and Recommendation

Pending before the court is Defendant Sheriff Ed Gonzalez's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 26. The court recommends that Gonzalez's motion to dismiss be granted.

## 1. Procedural Posture and Background

Plaintiffs John Garcia and Claudia Turcios, as next friend to minors A.L. and N.L., brought this civil rights action under 42 U.S.C. §§ 1983 and 1988 in Texas state court in Harris County on October 29, 2021. ECF No. 1-5 at 4. On January 20, 2022, Harris County properly removed the case to this court. ECF No. 1 at 1–2. On January 25, 2022, Harris County filed a motion to dismiss. ECF No. 4. The undersigned recommended that the motion be granted. ECF No. 23. No objections were filed. The district judge adopted the court's recommendation and dismissed Harris County from the case. ECF No. 27. Sheriff Ed Gonzalez now moves to dismiss arguing that any claims against him in his official capacity were dismissed when the county was dismissed, and that he had no personal involvement in the alleged constitutional violation and thus cannot be held accountable in his personal capacity. ECF No. 26.

The facts of this case were recited in the court's June 2, 2022, Report and Recommendation, ECF No. 23, and will not be repeated here. Suffice it to say that there are no additional facts alleged against

Sheriff Gonzalez that were not already discussed in the court's earlier Report and Recommendation.

### 2. *Analysis*

#### A. *Motion To Dismiss*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," and "drawing all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations "disentitle[] them to the presumption of truth." *Id.* at 681.

The "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* It follows that the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

#### B. *Official Capacity Claims Against Sheriff Gonzalez*

Although the First Amended complaint states that Sheriff Gonzalez is being sued in his personal capacity, ECF No. 8 at 2, Plaintiffs' response to Gonzalez's motion to dismiss can be read to

argue that Gonzalez should be held responsible in his official capacity. ECF No. 28 at 2-4.

An "official-capacity" suit against a government official is really just another way of pleading an action against the government entity, of which the official is an agent. *Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009). The court has already dismissed all claims against Harris County. ECF No. 27. As a result, all claims against Sheriff Gonzalez in his official capacity are already dismissed.

### C. *Individual Capacity Claims Against Sheriff Gonzalez*

A supervisory official may be held liable under § 1983 only if he personally participated in the acts that caused the constitutional deprivation, or if he implements unconstitutional policies that causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

As for the first theory of liability, there are no allegations that Sheriff Gonzalez had anything to do with the arrest or use of force of which Plaintiffs complain. All indications from the First Amended Complaint are that he was not there and knew nothing of the incident.

To the extent that Plaintiffs seek to hold Sheriff Gonzalez personally liable for his failure to train or supervise, the court already determined that the First Amended Complaint does not contain sufficient facts to establish a cause of action for failure to train or supervise. ECF No. 23 at 5. There are no facts alleged in the First Amended Complaint specific to Gonzalez that would give rise to a conclusion different from that reached on the issue with respect to the County.

The same is true to the extent that Plaintiffs seek to hold Gonzalez personally liable for promulgating unconstitutional policies. The court already concluded that the First Amended Complaint does not allege facts to support a finding that any unconstitutional policy exists. ECF No. 23 at 4. There are no facts alleged specific to Gonzalez that would give rise to a different result.

### D. Motion for Leave to Amend

Plaintiffs seek leave to amend their complaint to add additional facts against Sheriff Gonzalez. ECF No. 28 at 4. The court already denied leave to amend because Plaintiffs did not "state what facts they would provide to address the deficiencies in their First Amended Complaint." ECF No. 23 at 7. In their instant motion for leave to amend, Plaintiffs still do not present any *facts* that would give rise to personal liability against Sheriff Gonzalez. The request for leave to amend is entirely conclusory and does not establish that an amendment would be anything other than futile. Leave to amend is denied. *See Great Plains Tr. Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### 3. Conclusion

Because the Plaintiffs did not plead facts sufficient to support liability under Section 1983 against Sheriff Gonzalez, the court recommends that his motion to dismiss be granted.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July 21, 2022.

Peter Bray
United States Magistrate Judge